# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Regalo International, LLC,

                Plaintiff,

      v.

DEX Products, Inc.,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-4206 ADM/AJB

---

Frederick A. Tecce, Esq., and Conrad O. Kattner, Esq., McShea & Tecce, PC, Philadelphia, PA; and John F. Cameron, Esq., and Ryan L. Green, Esq., Cameron Law Office Chartered, Minneapolis, MN, on behalf of Plaintiff.

Patrick G. Burns, Esq., and Gavin O'Keefe, Esq., Greer, Burns & Crain, Ltd., Chicago, IL; and Anthony R. Zeuili, Esq., and Erik G. Swenson, Esq., Merchant & Gould PC, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On August 21, 2009, the undersigned United States District Judge heard oral argument on Defendant DEX Products, Inc.'s ("DEX") Motion to Stay or Dismiss Without Prejudice Pending Re-examination Proceedings [Docket No. 35]. For the reasons stated herein, the Motion to Stay is denied.

## II. BACKGROUND

Plaintiff Regalo International, LLC ("Regalo"), is a Minnesota company that develops, markets, and sells products, including "mattress hugging bed rails." Compl [Docket No. 1] ¶¶ IV, V. Regalo has obtained three patents associated with its mattress hugging bed rails, United States Patent No. 6,952,846 B2 ("the '846 Patent"); United States Patent No. 7,137,158 B2 ("the '158 Patent"); and United States Patent No. 7,178,184 B2 ("the '184 Patent") (collectively, the "Patents"), which were issued on October 11, 2005; November 21, 2006; and February 20, 2007,

respectively.  Id. ¶¶ VII, IX, XI; Answer and Counterclaim [Docket No. 20] at 3-5.

Regalo filed this action on July 1, 2008, alleging DEX, a California Corporation, markets, sells, and offers for sale mattress hugging bed rails, including the Dex Safe Sleeper Bed Rail, that infringe one of more of the claims of Regalo's three Patents.  Compl. ¶¶ XVIII-XLIV. After DEX filed its October 20, 2008 Answer and Counterclaim, the parties engaged, unsuccessfully, in settlement negotiations, and they conducted some pre-trial litigation activities, such as limited discovery, the exchange of prior art statements in March and April 2009, and the submission of a Joint Claim Construction Statement [Docket No. 34].  See Tecce Decl. [Docket No. 41] ¶¶ 6, 7, 10-13, Exs. D, E, H-K.

On June 19, 2009, DEX filed with the United States Patent and Trademark Office ("PTO") "Requests for ex parte Reexamination of the asserted claims of all three of the [Patents]."  Def.'s Mem. in Supp. of Mot. to Stay [Docket No. 37] at 1, Exs. F, G, H.  DEX filed the current Motion on July 6, 2009, seeking a stay of litigation in this action "until the reexamination proceedings are concluded."  Id. at 1.  Three weeks later, on July 29, 2009, the PTO ordered reexamination of the Patents, finding that DEX's requests for ex parte reexamination raised "substantial new question[s] of patentability" regarding the Patents.  See Zeuli Decl. [Docket No. 46] ¶¶ 2-4, Ex. A at 4, Ex. B at 4, Ex. C at 4.

### III. DISCUSSION

As part of their inherent power to manage their dockets and stay proceedings, district courts have the authority to stay patent litigation pending the conclusion of a PTO reexamination.  See Proctor & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008).  A district court is not required to stay judicial resolution merely because

reexamination proceedings have been instituted; rather the decision whether to grant the stay is a matter for the discretion of the district court.  See In re Cygnus Telecomm. Tech., LLC, Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing Vikase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001), and Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985)).  When evaluating a request to stay litigation pending a reexamination, district courts generally consider three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is complete and a trial date is set.  See id.; Interplast Group, Ltd. v. Coroplast, Inc., No. 4:08-CV-1413, 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009); 3M Innovative Properties Co. v. Dupont Dow Elastomers LLC, No. 03-3364, 2005 WL 2216317, at *1 (D. Minn. Sept. 8, 2005).

Relevant to the first factor, courts have denied motions to stay when "there is an inexplicable or unjustified delay in seeking re-examination" or when it appears that a stay "will serve simply to delay proceedings."  Ecolab, Inc. v. FMC Corp., No. 05-CV-831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007) (citations omitted).  DEX served Regalo with a prior art statement on March 13, 2009, indicating that DEX may rely on the prior art of the Cox and Huang patents in asserting an invalidity defense.  See Tecce Decl., Ex. D at 1-2.  As the basis for claiming in the June 19, 2009 request for ex parte reexamination that substantial new questions of patentability exist regarding Regalo's Patent, DEX relied on the prior art of the Wu, Cox, Brewin, Cardinale, and Tharalson patents.  See Zeuli Decl., Ex. A at 2, Ex. B at 2, Ex. C at 2. DEX has offered no explanation of why the additional prior art cited in the reexamination request was not also cited in the March 13 prior art statement, nor has DEX asked for leave to add prior art to its March 13 prior art statement, see Pretrial Scheduling Order [Docket No. 32] at 3, raising a concern about whether DEX is seeking the stay purely for tactical reasons.

Regarding the second factor, DEX argues that staying this action pending the reexamination will simplify the issues for trial. In support, DEX notes that 10% of the time, the PTO invalidates the patents it reexamines, and 64% of the time, reexamination results in the amendment of at least one claim in the patent being reexamined. Def.'s Mem. in Supp. of Mot. to Stay at 3. DEX argues, therefore, that "[s]tatistically, it is almost certain that one or more claims . . . will be eliminated or narrowed." Def.'s Rep. Mem. in Supp. of Mot. to Stay [Docket No. 45] at 6-7. Furthermore, DEX contends, even if reexamination effects no change on the Patents or their claims, granting the stay "will allow the Court to gain the benefit of the PTO's particular expertise in evaluating the prior art." Id. at 7. With the exception of the assertion that, statistically, it is likely that the outcome of the reexamination of these Patents will result in at least some simplification of the issues for trial, DEX offers no specific explanation of how the reexamination proceedings will simplify particular issues in this litigation.

The last factor is essentially neutral. This case has been pending for more than a year; as previously noted, the parties have submitted a joint claim construction statement and have exchanged prior art statements; and fact discovery is scheduled to close in less than a month. On the other hand, some discovery (in particular, depositions) remains, a Markman hearing has not been held, and the parties have yet to file dispositive motions. Upon consideration of the relevant factors, the Court finds that the balance weighs against granting a stay.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that DEX's Motion to Stay or Dismiss Without Prejudice Pending Re-examination Proceedings [Docket No. 35] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 9, 2009.